COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-545-CR
                                                2-04-546-CR
                                                2-04-547-CR
 
  
CHARLES 
STEVEN CHAPMAN                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        In 
a single point, Charles Steven Chapman asserts that the trial court abused its 
discretion in assessing his punishment following non-negotiated pleas to 
attempted sexual assault (guilty), improper photography/visual recording of 
another (guilty), and promotion of child pornography (no contest). We affirm.
II. Background
        Chapman 
pled guilty to a charge of attempted sexual assault, which has a punishment 
range between two and ten years and up to a $10,000 fine, and was assessed a 
punishment of eight years’ confinement in the Institutional Division of the 
Texas Department of Criminal Justice (IDTDCJ) by the court. He pled guilty to a 
charge of improper photography/visual recording, which has a punishment range 
between 180 days and two years and up to a $10,000 fine, and was assessed a 
punishment of two years’ confinement in the State Jail Division of the Texas 
Department of Criminal Justice (SJD/TDCJ) by the court. He pled no-contest to a 
charge of promotion of child pornography, which has a punishment range between 
two and twenty years and up to a $10,000 fine, and was assessed a punishment of 
fifteen years’ confinement in the IDTDCJ by the court. In connection with the 
entry of his pleas, Chapman acknowledged that he understood the punishment 
ranges for his offenses and that the court could sentence him within the ranges 
allowed by law. A stipulation in connection with the no-contest plea included an 
understanding that Officer Crouch of the Arlington Police Department would 
testify that an analysis of Chapman’s computer yielded thirty-eight CD rom 
discs containing 231 images of child pornography including depictions of 
genitals, deviate sexual conduct, and sexual conduct between children and 
between children and adults.
        At 
the punishment hearing, three months after the entry of his pleas, and the court 
having reviewed his presentence investigation report (PSI), the court took 
judicial notice of the court’s file at the unobjected-to request of the State, 
which file included the PSI.
        The 
lengthy and detailed PSI included a psychosexual assessment and penile 
plethysmograph. Among other things, the PSI indicated a lack of truthfulness and 
deception displayed by Chapman to the PSI writer and on the penile 
plethysmograph. It appeared Chapman was unable to sexually discriminate between 
appropriate sexual arousal to adults and deviate sexual arousal to children. He 
also had asked some of his victims or potential witnesses to say his conduct was 
consensual, to “talk good” about him and to testify for him. He said that 
some of his victims led him to believe that sex was in exchange for a massage he 
gave them, and that he found a “certain beauty” in images of nude teenage 
girls, but that he did not view most of the downloaded pornography.
        Mark 
Yarbo and Dawn Yarbo, appellant’s former father-in-law and mother-in-law, 
testified for Chapman, indicating that he was successful at business, was a good 
father to his daughter, was remorseful, and 
should receive help, and would respond to treatment.
III. Analysis and Application
A 
trial court . . . is vested with a great degree of discretion in imposing an 
appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. 
App. 1984). It is the general rule that as long as a sentence is within the 
proper range of punishment and has a factual basis in the record, it will not be 
disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 
1978); see also Jackson, 680 S.W.2d at 814 (holding that a trial court 
abuses it discretion when it imposes a sentence upon a defendant without having 
any factual basis for that sentence).

Rocha 
v. State, No. 2-02-067-CR, 2003 WL 21197412, at *1 (Tex. App.—Fort Worth 
May 22, 2003, no pet.) (not designated for publication) (mem. op.). The 
discretion of a trial judge when assessing a sentence is limited only by the 
maximum sentence allowed by law. Tamminen v. State, 653 S.W.2d 799, 803 
(Tex. Crim. App. 1983). In determining whether the trial court abused its 
discretion, the appellate court must uphold the trial court’s ruling if it is 
reasonably supported by the record and is correct under any theory of law 
applicable to the case. Brito Carrasco v. State, 154 S.W.3d 127, 129 
(Tex. Crim. App. 2005). Chapman contends that trial court “ignored the 
significant evidence of [Chapman’s] childhood abuse in assessing penitentiary 
sentences in all three cases.” Considering that the punishments were within 
the range allowed by law and considering the evidence before the court including 
the stipulation regarding the CD roms, we cannot say that the trial court abused 
its discretion in the sentences assessed. Chapman’s sole point is overruled.
IV. Conclusion
        Having 
overruled Chapman’s sole point, the judgments of the trial court are affirmed.
 
 
 
                                                          PER 
CURIAM
 
 
PANEL 
F:   MCCOY, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005
 


NOTES
1.  
See Tex. R. App. P. 47.4.